USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/04/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

JOSHUA KNIGHT et al.,

                      Plaintiffs,

   -against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION et al.

                      Defendants.

No. 22-CV-4592 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN. United States District Judge

    Plaintiffs Joshua Knight, Michael Campbell, and Ernest Fabrizio bring this action on behalf of a putative class pursuant to sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (a)(3), for violations of ERISA's actuarial equivalence, anti-forfeiture, and joint and survivor annuity requirements with respect to the IBM Personal Pension Plan (the "Plan"). (*See* Amended Complaint ("Am. Compl."), ECF No. 23.) Plaintiff sues International Business Machines Corporation ("IBM"), the Plan, and the Plan Administrator Committee (collectively, "Defendants"). (*Id.*) Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendants have moved to dismiss the Amended Complaint. ("Motion", ECF No. 47.) For the following reasons, Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

    The following facts are taken from the Amended Complaint and assumed to be true for the purposes of this Motion.

    The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) and a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35). (Am. Compl. ¶ 56.) The Plan is sponsored by IBM, *id.* ¶¶ 28–29, and the Plan

Administrator Committee serves as the "[p]lan [a]dministrator," a named fiduciary of the Plan, *id.* ¶¶ 35–37. Pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), the Plan is established and maintained according to a written instrument (the "Plan Document"). (*Id.* ¶ 57.) The Plan provides retirement benefits to substantially all U.S. employees of IBM. (*Id.* ¶ 58.) The Plan normally calculates benefits as a single life annuity, but, as ERISA requires, also provides a qualified joint and survivor annuity as the default benefit for married participants. (*Id.* ¶¶ 59-61.) A participant's benefits under the Plan are converted from a single life annuity to the various forms of joint and survivor annuities using interest rates and mortality tables that together constitute the Plan's assumptions for calculating actuarial equivalence. (*Id.* ¶ 64.) Specifically, the Plan converts a participant's single life annuity using the following assumptions: "8% interest and the UP-1984 Mortality Table with a three-year setback for Participants and a six-year setback for Beneficiaries." (*Id.*) Unisex Pension (UP) – 1984 ("UP-1984 Mortality Table") is a mortality table developed by the Committee on Self-Administered Retirement Plans from the Society of Actuaries in 1976 and was based on mortality experience data among non-insured private pensioners observed over the years 1965-1970. (*Id.* ¶ 65.) The Society of Actuaries has subsequently published updated mortality tables to reflect steady long-term improvements in American's longevity resulting from changes in lifestyle and medical technology. (*Id.* ¶ 69.)

Plaintiffs allege that the Plan continues to utilize outdated mortality assumptions when calculating joint and survivor benefits for Participants. (*Id.* ¶ 70.) These outdated assumptions result in a miscalculation of benefits wherein joint and survivor benefits are less than the actuarial equivalent value of a participant's single life annuity benefit. (*Id.* ¶ 73.) Plaintiffs additionally allege that Defendants failed to disclose to Participants that they would receive less than the actuarial equivalent value of their accrued, vested pension benefit if they selected a joint and

survivor annuity. (*Id.* ¶ 82.) These misrepresentations and failures to disclose material information allegedly prevented putative class members from adequately assessing what form of benefit to elect and how best to plan for their retirements, while IBM financially benefitted by underpaying participants joint and survivor annuities and enjoyed reduced funding obligations to the Plan. (*Id.* ¶¶ 103-05.)

Plaintiffs thus contend that IBM and the Plan Administrator Committee have violated various provisions of ERISA: 29 U.S.C. § 1055 (Count I), 29 U.S.C. § 1054 (Count II), and 29 U.S.C. § 1053 (Count III). (*Id.* ¶¶ 118–45.) In addition, they allege that the Plan Administrator Committee breached its fiduciary duties by presiding over a plan that did not comply with ERISA (Count IV). (*Id.* ¶¶ 146–47.)

## PROCEDURAL HISTORY

Plaintiff Knight filed the Complaint on June 2, 2022. (ECF No. 1.) An Amended Complaint was filed on August 19, 2022, adding Plaintiffs Campbell and Fabrizio. (ECF No. 23.) Defendants filed the instant Motion on January 18, 2023 (ECF No. 47), as well as a memorandum of law in support thereof ("Defs.' MoL.", ECF No. 47-1). Plaintiffs filed opposition papers. ("Pltfs.' Opp.", ECF No. 49.) Defendants also filed a reply brief. (ECF No. 48.)

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for "failure to state a claim upon which relief can be granted," a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint

as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court will accept the facts in a complaint as true "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows the Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## DISCUSSION

ERISA authorizes private rights of action brought by participants or beneficiaries to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Claims for statutory violations of ERISA—*i.e.*, claims not asserting a breach of fiduciary duty—may be governed by the statute of limitations set forth in a plan document, as long as that statute of limitations is reasonable. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107-09 (2013). By contrast, claims involving breach of fiduciary duty are governed by the statute of limitations set forth for such claims in 29 U.S.C. § 1113. *See Frommert v. Conkright*, 433 F.3d 254, 272 (2d Cir. 2006). Defendants contend that both Plaintiffs' statutory claims (Counts I-III) and fiduciary breach claim (Count IV) are time-barred. (Defs. MOL at 7.) The Court considers each type of claim in turn.

I.      **Plaintiffs' Statutory Claims (Counts I-III)**

In determining whether an ERISA claim is time-barred, the starting point is the applicable limitations period. For their statutory claims, Plaintiffs seek equitable relief under 29 U.S.C. § 1132(a)(3). ERISA "does not prescribe a limitations period for 29 U.S.C. § 1132 actions." *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009) (per curiam). "[A] participant and a plan," however, "may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff*, 571 U.S. at 105–06. The parties did so here – the Plan provides that "a claim or action to recover benefits allegedly due … by reason of any law" or that "(A) relates to the Plan, and (B) seeks a remedy, ruling, or judgment of any kind against the Plan, the Plan Administrator, a Plan fiduciary … , or a party in interest … with respect to the Plan" is untimely unless that claim is filed within two years of accrual. (ECF No. 47-3 at 38–40, §§ 7.2(a)(2), (b)(1), (4) (Plan Document dated January 1, 2016); ECF 47-4 at 37–38, §§ 7.2(a)(2), (b)(1), (4) (Plan Document dated April 9, 2014).).[1]

The Court finds that the Plan's statute of limitations is enforceable. The Supreme Court has instructed courts to "give effect to the Plan's limitations provision unless [it] determine[s] either

---

[1] Defendants attach to their Motion various exhibits, including the Plan and Pension Projection Statements, and ask the Court to take notice of facts contained in the documents in evaluating their arguments for dismissal. (Defs.' MOL at 5 n.1). Plaintiffs urge the Court to not consider these documents, which include facts not found in the Amended Complaint. (Pltfs.' Opp. at 6–7.) To consider a "document on a dismissal motion[,] [a plaintiff's] mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Instead, "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration" of the document at this stage of a case. *Id.* (emphasis in original). Plaintiffs concede that the Amended Complaint relies on and makes reference to the Plan and the Pension Projection Statements. (Pltfs.' Opp. at 6–7; *see also* Am. Compl. ¶¶ 93–106.) Accordingly, the Court considers these documents for the purpose of resolving the instant Motion. *See Guo v. IBM 401(k) Plus Plan,* 95 F. Supp. 3d 512, 522 (S.D.N.Y. 2015) (considering "the Plan Document, the Beneficiary Designation Form, and the various letters between Plaintiff's counsel and the Plan Fiduciaries" for the purpose of resolving a motion to dismiss because said documents were included in the complaint); *Winfield v. Citibank, N.A.*, 842 F.Supp.2d 560, 568 n. 3 (S.D.N.Y. 2012) (explaining that "[t]he [c]ourt [could] properly consider the [p]lan and the [s]ummary [p]lan description on [the] motion to dismiss because they [were] essential to the plaintiffs' ERISA claims and incorporated by reference into their complaint").

that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff*, 571 U.S. at 109. No "controlling statute" here prohibits a plan from adopting a limitations period for statutory claims that the plan violates ERISA, *id.* at 105–06. Nor is the period of two years unreasonable. *See Guo*, 95 F. Supp. at 523 (finding that IBM's two-year contractual limitations period is reasonable). In fact, the Second Circuit recently held that an even shorter, one-year contractual limitations period is reasonable. *See Spillane v. New York City Dist. Council of Carpenters*, No. 23-247, 2024 WL 221816, at *2 (2d Cir. Jan. 22, 2024); *see also Fitzsimons v. N.Y.C. Dist. Council of Carpenters & Joiners of Am.*, No. 21 Civ. 11151 (AT), 2023 WL 3061852, at *4 (S.D.N.Y. Apr. 24, 2023) (same); *Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, No. 19 Civ. 9761 (JGK), 2021 WL 665045, at *7 (S.D.N.Y. Feb. 19, 2021) (nearly ten months limitations period reasonable); *Tuminello v. Aetna Life Ins. Co.*, No. 13 Civ. 938 (KBF), 2014 WL 572367, at *2-3 (S.D.N.Y. Feb. 14, 2014) (nine months limitations period reasonable). Accordingly, the Plan's two-year limitations period applies to Plaintiffs' statutory claims.

The Plan's limitations period begins to run on "the earliest date on which the claimant knew or should have known of the material facts on which [the] claim or action is based, regardless of whether the claimant was aware of the legal theory underlying the claim or action." (ECF No. 47-3 at 39, § 7.2(a)(2)(C); ECF No. 47-4. at 38, § 7.2(a)(2)(D).) Plaintiffs concede that IBM provided them with documents that detailed "the amount of retirement benefits they would receive under various forms of retirement benefit." (Am. Compl. ¶ 97.) Those documents included Pension Projection Statements, which explain that "[t]he relative value of any qualified pension benefit in an annuity form is determined using an interest rate of 8% and average life expectancies based on the UP-1984 mortality table—with your age reduced by three years and your beneficiary's age, if

applicable, reduced by six years from the associated ages in the table." (ECF No. 47-7 at 8; ECF No. 47-9 at 10.) The statements also disclosed that more recent mortality tables are used for other calculations and "[s]ignificant variations" in the variables used for the actuarial calculations can have a "material impact on the relative value of any optional form to the single life annuity form." (*Id.*) Finally, the statements encourage participants to "contact the IBM Employee Services Center" if they "would like more information about the actuarial assumptions used." (*Id.*) In other words, the Pension Projection Statements disclosed to Plaintiffs the material facts of their statutory claims, including that the Plan converted benefits to different forms using actuarial assumptions and when the Plan converts a single life annuity to a joint and survivor annuity, it uses an 8% interest rate and the UP-1984 mortality table. (*See* Am. Compl. ¶¶ 64–70.)

Plaintiffs contest whether the Pension Projection Statements disclosed the material fact of the actuarial assumptions used by the Plan itself, as opposed to any "reasonable" assumption for purposes of the relative value calculation. (Pltfs.' Opp. at 8, 11–12.) But the language of the statements makes clear that the disclosed information is that of the Plan's. (*See, e.g.* ECF No. 47-11 at 10 ("Any protected Prior Plan based qualified pension benefit payable in an annuity form is determined using an interest rate of 8% and average life expectancies based on the UP-1984 mortality table").) In fact, Plaintiffs themselves pleaded that "Defendants provided information to Class members concerning the amount of retirement benefits they would receive under various forms of retirement benefit," and that these "communicati[ons]…calculated the value of benefits using the Plan's outdated and unreasonable actuarial assumptions for calculating joint and survivor annuities." (Am. Compl. ¶¶ 97-98.)

Plaintiffs also attempt to back away from the explicit contractual language of the Plan by arguing that it is not "consonant" with the Second Circuit's common law accrual rule. (Pltfs.' Opp.

at 9.) Plaintiffs, however, cite no case law finding that a plan's rule for accrual must be "consonant" to the accrual rule applicable under the common law. By contrast, the Supreme Court has made clear that parties may agree by contract to commence the limitations period at a particular time, *see Heimeshoff*, 571 U.S. at 106, including, as this Court finds, when a participant knew or should have known the "material facts" on which an action could be based, *see* ECF No. 47-3 at 39, § 7.2(a)(2)(C); ECF No. 47-4 at 38, § 7.2(a)(2)(D). Moreover, the Plan's standard is not entirely dissonant with the Second Circuit's common law accrual rule for ERISA miscalculation claims, which holds that "the statute of limitations will start to run . . . when there is enough information available to the pensioner to assure that he knows or reasonably should know" of the basis for his claim. *Novella v. Westchester Cnty.*, 661 F.3d 128, 147 (2d Cir. 2011).

Based on the explicit contractual language of the Plan, whether or not Plaintiffs were "aware of the legal theory underlying the[ir] claim[s]," the Plan's limitations period began to run as soon as they knew or should have known the "material facts" on which their action is based. (ECF No. 47-3 at 39, § 7.2(a)(2)(C); ECF No. 47-4 at 38, § 7.2(a)(2)(D).) Plaintiffs' statutory claims therefore began to accrue on the date on which they received the Pension Projection statements, which contained the material facts on which their statutory claims are now based. All of the Plaintiffs received their Pension Projection statements more than two years before this action was filed on June 2, 2022. (*See* ECF No. 47-7 at 1 (dated October 22, 2015); ECF No. 47-9 at 1 (dated April 26, 2018); ECF No. 47-11 at 1 (dated July 9, 2019).) As a result, their statutory claims are time-barred and Counts I–III are dismissed.

  **II.**  **Plaintiffs' Breach of Fiduciary Duty Claim (Count IV)**

Plaintiffs' claims for fiduciary breach are subject to the limitations period under 29 U.S.C. § 1113, which states that for actions "with respect to a fiduciary's breach of any responsibility,

duty, or obligation under this part" the statute of limitations is "the earlier of (1) six years after the date of the last action which constituted a part of the breach or violation . . . or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." This Court has previously applied the three-year limitations period in a case involving strikingly similar facts. In *Masten v. Metropolitan Life Insurance Company*, retirement-plan participants brought a putative class action against their former employer, its employee-benefits committee, and individuals on committee, alleging the employer's retirement plan used outdated mortality tables to calculate certain benefits in violation of ERISA. 543 F. Supp. 3d 25 (S.D.N.Y. 2021). The Court applied the three-year statute of limitations, finding that "the alleged fiduciary breach occurred with the selection of the outdated mortality tables as conversion factors, or the conversion of [plaintiff's] retirement benefits with those tables." *Id.* at 38. Plaintiff therefore had actual knowledge of the breach when he "received his first payment under the plan," and the Court dismissed his claim of fiduciary breach as untimely. *Id.*

The Court follows suit here, applying the three-year statute of limitations. Plaintiffs contend that the six-year limitations period applies instead, but make no attempt to explain why, simply stating that the application of the three-year standard is "incorrect." (*See* Pltfs.' Opp. at 13.) We have already held that a court "can … reasonably infer that [a participant] had knowledge of the alleged fiduciary breach" involving use of unreasonable actuarial assumptions once the participant receives the first pension payment. *Masten*, 543 F. Supp. 3d at 38. Here, the Plaintiffs had even more – the Pension Projection statements disclosed all the facts relevant to their claim of fiduciary breach, *see supra*. Plaintiffs make no attempt to distinguish *Masten*, or argue why the Court should not follow it here. Accordingly, because the Plaintiffs had actual knowledge of the

facts underlying their claims more than three years prior to the filing of the June 2, 2022 complaint, Plaintiffs' claims for breach of fiduciary duty are dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Amended Complaint is GRANTED and all claims are dismissed with prejudice as time-barred under the applicable statute of limitations. The Clerk of Court is kindly directed to terminate the motion at ECF No. 47, issue judgment in favor of Defendants, and close the case.

Dated:   April 4, 2024                                              SO ORDERED:
         White Plains, New York

                                                            _____
                                                            NELSON S. ROMÁN
                                                            United States District Judge